IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VAIJA M. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-1154-D (BT) |
| | § | |
| DAVID STEINER, POSTMASTER | § | |
| GENERAL, U.S. POSTAL SERVICE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Vaija M. Jones filed an employment discrimination case. Compl. (ECF No. 2). Jones did not pay the $405.00 filing fee, however, and instead sought leave to proceed *in forma pauperis* (IFP). IFP App. (ECF No. 3). But her IFP Application was not submitted on the AO 239 form as required by Northern District of Texas Miscellaneous Order No. 15. So, the Court issued an order and notice of deficiency (NOD), requiring Jones to submit an IFP application on the AO 239 form by May 5, 2026. NOD (ECF No. 6). The Court directed Jones to the website where she could access the form and warned her that her failure to comply with the Court's NOD would result in the dismissal of this case under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders. *Id.*

Jones's deadline for compliance with the NOD has passed, but she has not complied with the Court's instructions or otherwise responded to the NOD.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Jones's failures to submit her IFP application on the correct form—in addition to violating Court orders—has stalled this case, as the Court is unable to determine whether she should be allowed to proceed IFP based on the information she provided.

Thus, unless Jones either pays the full filing fee or files her IFP application on the AO 239 form within the time to file objections to this recommendation (discussed below), or some other deadline established by the District Judge, the District Judge should dismiss her case without prejudice for failure to prosecute and follow Court orders. *See*, *e.g.*, *Smith v. Wichita Cnty.*, 2023 WL 2655730, at *2 (N.D. Tex. Mar. 1, 2023) (Ramirez, J.) (recommending dismissal where the

plaintiff failed to follow court instructions, including to file a fully completed IFP application), *rec. accepted* 2023 WL 2653378 (N.D. Tex. Mar. 27, 2023) (Cummings, J.).

### Recommendation

The District Judge should dismiss Jones's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders unless she either pays the full $405.00 filing fee or files her IFP application on the AO 239 form within the time to object to this recommendation or by some other deadline established by the District Judge.

**SO RECOMMENDED.**

May 19, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).